<u>**NOT FOR PUBLICATION**</u>

**FILED**

JAMES J. WALDRON, CLERK

**AUG. 5, 2013**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: s/ *Ronnie Plaisner*

JUDICIAL ASSISTANT

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>**THE RUSS COMPANIES, INC., et al.,**<br><br>     Debtors.<br><br>**CHARLES M. FORMAN, in his capacity as Chapter 7 Trustee,**<br><br>     Plaintiffs,<br><br> v.<br><br>**DEUTSCH ATKINS, P.C.,**<br><br>     Defendant. | Case No.:   11-22471 (DHS)<br><br>Adv. No.:   13-01432 (DHS)<br><br>Judge: Donald H. Steckroth, U.S.B.J. |

<u>**OPINION**</u>

**APPEARANCES:**


Forman Holt Eliades & Youngman LLC
Kim R. Lynch, Esq.
Matteo Percontino, Esq.
80 Route 4 East, Suite 290
Paramus, New Jersey  07652
***Counsel for Charles M. Forman,***
***Chapter 7 Trustee for the Debtors***

Norgaard O'Boyle
John O'Boyle, Esq.
184 Grand Avenue
Englewood, New Jersey  07631
***Counsel for Defendant, Deutsch Atkins, P.C.***

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court is the motion filed by the defendant law firm, Deutsch Atkins, P.C. ("Deutsch Atkins" or "Defendant"), to dismiss the adversary complaint ("Motion") filed by Charles Forman, the chapter 7 trustee ("Trustee") for The Russ Companies, Inc., et al. ("Debtors"),[1] pursuant to Federal Rule of Civil Procedure 12(b)(6). The Trustee filed a two-count complaint against Deutsch Atkins seeking: (i) avoidance of preferential transfers paid to Deutsch Atkins for the benefit of David Moll, a creditor of the Debtors, pursuant to section 547(b) of the Bankruptcy Code and (ii) recovery of the voidable transfers pursuant to section 550(a) of the Code.

The Defendant submits the following arguments in support of its motion to dismiss: (i) the transfer was of property belonging to a third party, not the Debtors; (ii) the transfers were not made on account of an antecedent debt because: (a) the debt was not the Debtors', but rather a third party's, or alternatively (b) if the debt is one of the Debtors', the transfers were made contemporaneously with incurring the debt; (iii) the Trustee is not permitted to pursue two adversary proceedings to recover the transferred funds from two different parties; and, lastly, (iv) the Debtors received new value for the transfers.

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984 as amended September 18, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E), (F), and (H). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a). The

---

1 The Debtors are The Russ Companies, Inc., Russ Berrie Company Investments, Inc., Russ Berrie U.S. Gift Inc., The Encore Group, Inc., Russ Berrie and Company Properties, Inc., and Russplus, Inc.

3

following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## **BACKGROUND AND RELEVANT FACTS**

Considering the nature of the Defendant's motion, one seeking dismissal of the complaint pursuant to Rule 12(b)(6), for purposes of this hearing, the factual record comprises the facts as presented in the Trustee 's Complaint.

The Debtors were in the business of designing and marketing gifts, collectibles, and home decor.  Between October, 2006 and July, 2009, David Moll served as Vice President for the Debtors. Mr. Moll was subsequently terminated and prior to the petition date filed an arbitration demand ("Arbitration Action") against the Debtors seeking unpaid severance payments that had accrued. Deutsch Atkins represented Mr. Moll in that arbitration.

On March 8, 2011, the Debtors and Mr. Moll resolved the Arbitration Action by entering into a settlement agreement ("Settlement Agreement"), whereby the following payments were to be made by the Debtors:

- $66,666.67 on March 10, 2011 to Mr. Moll;

- $33,333.33 on March 10, 2011 to Deutsch Atkins;

- $36,666.66 on April 10, 2011 to Mr. Moll;

- $18,333.34 on April 10, 2011 to Deutsch Atkins;

- $36,666.66 on May 10, 2011 to Mr. Moll; and

- $18,333.34 on May 10, 2011 to Deutsch Atkins;

The actual payments made to the Defendant included:

4

- $33,333.33 on March 8, 2011;

- $5,987.50 on March 17, 2011; and

- $18,333.34 on April 11, 2011.

The Debtors filed independent voluntary petitions for relief under chapter 7 on April 21, 2011. On the same day, the Trustee was appointed by the Court to act as chapter 7 trustee for each of the Debtors' estates. The matters were procedurally consolidated. Thereafter, the Trustee initiated this adversary proceeding seeking to avoid the payments made to Deutsch Atkins.

## DISCUSSION

### I.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a party to seek dismissal of a complaint for failure to state a claim upon which relief may be granted. Bankruptcy Rule 7012 provides that Rule 12(b)(6) applies in adversary proceedings. Federal Rule of Civil Procedure 8 provides that pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Upon considering a 12(b)(6) motion to dismiss, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted). The factual allegations contained in the complaint "must be enough to raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

5

Furthermore, "[t]he allegations of the complaint should 'plausibly suggest' the pleader is entitled to relief." *Wilkerson v. New Media Tech. Charter Sch. Inc.,* 522 F.3d 315, 321 (3d Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1966). The Supreme Court clarified the "plausibility" standard in *Ashcroft v. Iqbal* by holding that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* Indeed, mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Thus, Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

## II.    <u>Factual Record Before the Court</u>

As a threshold matter, the Trustee contends that many of the Defendant's arguments rely on facts introduced by counsel's certification in opposition and are outside the four corners of the Complaint. These facts include that Mr. Moll worked as Vice President for Russ Berrie & Company, Inc. until December 2008 when he was transferred to Russ Berrie U.S. Gift, Inc., and was terminated from Russ Berrie U.S. Gift, Inc. in or about July, 2009.

The Court cannot consider the extraneous facts introduced by the Defendant unless those facts can be found in documents relied on by the Trustee is forming the allegations contained in the Complaint. *See In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1424-25 (3d Cir. 1997) (when ruling on a motion to dismiss, the Court is not permitted to go beyond the facts alleged in the Complaint and the documents on which the claims made therein were based). For this reason, the

6

Court will look no further than the four corners of the Complaint, the Debtors' disbursement receipts, and the Settlement Agreement entered into by Mr. Moll and the Debtors resolving the Arbitration Action.

### III.    Count I – Preferential Transfers

To succeed, the Trustee must adequately plead that the Debtors' interest in property was transferred and that the subject transfers: (1) were to or for the benefit of a creditor; (2) were for or on account of antecedent debt owed by the debtor before such transfer was made; (3) were made while the debtor was insolvent; (4) were made on or within 90 days before the date of the filing of the petition; and (5) enabled the creditor to receive more than such creditor would receive under a chapter 7 distribution if the transfers had not been made.  11 U.S.C. § 547(b).

The Defendant challenges, first, that the funds transferred do not constitute an interest of the Debtors in property, and, second, that the transfers were not on account of an antecedent debt. Finally the Defendant seeks dismissal based on a procedural argument and an affirmative defense. Each is discussed in turn.

### A.    Interest of the Debtors in Property

The Defendant argues the funds transferred by the Debtors were not property of the Debtors, but rather Mr. Moll because Mr. Moll was required to declare the funds transferred to the Defendant as his own income.  (See Settlement Areement)  The Trustee counters that this is the kind of extraneous fact THAT cannot be considered by the Court in determining a motion to dismiss.  This is incorrect, however, since the Settlement Agreement, relied upon by the Trustee, does require such an acknowledgment.  However, the Court still must determine whether the Trustee has sufficiently alleged that the property transferred was an interest of the Debtors' in property.

7

The Bankruptcy Code does not define the phrase: "an interest of the debtor in property." *Jacobs v. Matrix Capital Bank (In re AppOnline.com, Inc.),* 315 B.R. 259, 272 Bankr. E.D.N.Y. (2004). Courts have concluded, however, that the term is equivalent to the term: "property of the estate," pursuant to 11 U.S.C. § 541. *See Begier v. Internal Revenue Serv.,* 496 U.S. 53, 59–60 (1990); *AppOnline.com,* 315 B.R. at 272. Courts turn then to § 541 in order to determine the scope of property interests that are recoverable under §§ 544, 547, and 548. *See Begier,* 496 U.S. at 59–60, 110.

> Because the purpose of the avoidance provision is to preserve the property includable within the bankruptcy estate—the property available for distribution to creditors—"property of the debtor" subject to the preferential transfer provision is best understood as that property that would have been part of the estate had it not been transferred before the commencement of bankruptcy proceedings.

*Begier,* 496 U.S. at 59. Section 541(a)(1) provides that property of the estate includes "all legal *or* equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). As such, the Complaint needs only a short and plain statement that plausibly suggests that the Debtors held an interest in the funds in their Disbursement Account that were subsequently transferred to the Defendant such that if they had not been transferred they would have constituted property of the estate upon commencement of the bankruptcy case.

Reviewing the Complaint makes clear that the Trustee clearly alleges a transfer of the Debtors' interest in property. The Complaint alleges that "the Debtors made the following payments (the "Transfers") by checks to Defendant's attorneys that were drawn from the Debtors' Disbursement Account based upon the Agreement reached in the Arbitration Action . . ." and that the Disbursement Account was one maintained by Russ Berrie U.S. Gift, Inc. at Wells Fargo bank,

8

N.A for purposes of the Debtors' receipt and disbursement of funds, thus, supporting the requirement that the funds transferred were property of the Debtors. (Compl., ¶¶ 11,17).

The Trustee further argues that because the funds were transferred from the Debtors' account, there is a presumption that they constitute an interest of the Debtors' in property. *In re Spinnaker Industries, Inc.*, 328 B.R. 755 (Bankr. S.D. Oh. 2005) (stating that "The check evidencing the Transfer was drawn on a Spinnaker Coating account with Key Bank of Maine in the amount $100,000 and, thus, was unquestionably property of the Debtor's estate" because it constituted a legal or equitable interest); *In re Tax Grp., LLC*, 439 B.R. 47 (Bankr. S.D.N.Y. 2010) (holding that funds in the debtor's bank account were presumed to be property of the estate upon commencement of the case); *But see also In re Fin. Res. Mortgage Inc.,* 468 B.R. 487 (Bankr. D.N.H. 2012) (found that funds held in the debtor's account were presumed to be property of the estate based on New Hampshire state law).

Notwithstanding the Trustee's attempt to establish the presumption that the Debtors held an interest in the funds transferred, such a presumption is not required under the pleading standard of Rule 8. It is sufficient that the Trustee clearly and plainly alleges facts that would plausibly suggest that the Debtors held an interest in the funds transferred to the Defendant from the Debtors' Disbursement Account. Therefore, the Court finds that the Trustee has adequately pleaded that the transfers were of property in which the Debtors held an interest.

## B.    <u>On Account of an Antecedent Debt</u>

The Defendant argues that the Complaint must be dismissed because the transfers from the Disbursement Account were not on account of an antecedent debt. Its argument relies on, first, a finding by the Court that the debt owed to the Defendant was not that of the transferring Debtor, but

of a third party, or, alternatively, that the debt was contemporaneous with the transfer, not antecedent.

### i.    *Debt of the Debtor or of a Third Party*

The Defendant argues that the payments to Deutsch Atkins were made on behalf of Kid Brands, Inc., the new name for Russ Berrie & Company, neither of which is a debtor in this case. Further, the Defendant contends that Russ Berrie US Gift, Inc., a Debtor herein, made payment to Deutsch Atkins for Kid Brands, Inc. in connection with the Settlement Agreement for various forms of consideration and a release of Russ Berrie US Gift, Inc. and its affiliates.

Defendant's statements are not contained within the Complaint and should not be considered by the Court.  Moreover, the Complaint sets out a clear statement plausibly suggesting that the Trustee is entitled to relief.  Paragraph 12 states that Mr. Moll served as vice president for the Debtors until July, 2009.  Paragraph 13 states that on March 8, 2011, Mr. Moll and the Debtors reached a settlement to the Arbitration Action.  Paragraph 17 clearly states that between March 10, 2011, and April 11, 2011, payments were made to the Defendant, and paragraph 22 states that "[e]ach of the Transfers was made for or on account of an antecedent debt owed by the Debtors to David Moll before each of the Transfers was made."

The Complaint clearly states that the payments were made to the Defendant on account of a debt owed by the Debtors.  Furthermore, the extraneous facts introduced by the Defendants should not be considered by the Court in considering a motion to dismiss pursuant to Rule 12(b)(6).  *See In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1424-25 (3d Cir. 1997).  For these reasons, the Court finds that the Trustee has adequately plead that the payments were made on account of an antecedent debt and denies the motion insofar as it seeks to dismiss for that reason.

ii.    ***Antecedent or Contemporaneous Debt***

Alternatively, the Defendant argues that, if the debt is determined to be that of the Debtors, then the payment of March 8, 2011, made the same day as the Settlement Agreement resolving the Arbitration Action, was contemporaneous with the debt being incurred and, therefore, not antecedent.  *See In re U.S. Digital, Inc.*, 443 B.R. 22, 37 (Bankr. D. Del. 2011).  The Trustee counters that the debt did not arise with the Settlement Agreement, but rather the moment when Mr. Moll was entitled to his pension benefits – upon his termination, which is alleged to have occurred prior to the Arbitration Action, which commenced in January, 2010.

Again, considering the Complaint on its face, the Trustee has sufficiently alleged that the Debt was antecedent.  Much of the factual evidence on which the Defendant relies is drawn from a 2008 Severance Policy that was created in anticipation of an acquisition of Russ Berrie & Company, Inc. (or Kids Brand, Inc.) by The Encore Group, Inc., not properly in evidence and not to be considered in defense of this Motion.  Notwithstanding the improper submission of facts by the Defendant, the debt, whether arising at the point of Mr. Moll's termination, pursuant to the 2008 Severance Policy, upon the commencement of the Arbitration Action, or pursuant to the Settlement Agreement, it is clear that: (1) the Complaint clearly sets forth that the debt owed to Mr. Moll arose prior to the date of the payments to the Defendant, and (2) to make a final determination on the Trustee's preference action, the Court needs a more developed factual record to determine the nature of the debt and when it arose.  Because there remain substantial questions of fact, the Court will allow the parties to pursue discovery and present a fully developed factual record for the Court to consider.

### C.    Other Arguments

The Defendant contends that the Trustee's Complaint must be dismissed because he has initiated a similar action seeking avoidance of the transfer from Mr. Moll.  While Section 550(d) provides that "[t]he trustee is entitled to only a single satisfaction under subsection (a)," it recognizes the possibility that more than one party may be liable and, thus, the trustee's remedy is limited not by parties, but by amount.  In other words, the limiting nature of section 550(d) ensures only that the trustee's recovery does not exceed the property value or the property transferred.  *See* 5 COLLIER ON BANKRUPTCY ¶ 550.05 (Alan N. Resnick & Henry J. Sommer eds., 16th eds.) (citing *Freeland v. Enodis Corp.*, 540 F.3d 721 (7th Cir. 2008)).  The Trustee is not precluded from pursuing separate actions against multiple parties for receipt of the same property.  The limitation is on the recovery.

Lastly, the Defendant seeks dismissal of the Complaint based upon its claimed affirmative defense of contemporaneous exchange for new value.  The preference exception, codified by 11 U.S.C. § 547(c)(1), serves as a defense to an avoidance action based on a preferential transfer when the transfer was "substantially contemporaneous" and was intended to be for new value by both the creditor and the debtor.  *In re Hechinger Inv. Co. of Delaware, Inc.*, 489 F.3d 568, 572 (3d Cir. 2007) (citing 11 U.S.C. § 547(c)(1)).  Affirmative defenses, however, notwithstanding their likelihood of success, cannot be used to dismiss a plaintiff's complaint under Rule 12(b)(6).  *In re Adams Golf, Inc. Securities Litigation*, 381 F.3d 267, 277 (3d Cir. 2004) (citing *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003)) (defendant's affirmative defense to plaintiff's loss causation pleading could not be used to dismiss the complaint).  Furthermore, courts have specifically determined that preference exceptions listed under 11 U.S.C. § 547(c) cannot be used to dismiss a

12

plaintiff's complaint under Rule 12(b)(6).  *See e.g. Gluth Bros. Const., Inc.*, 424 B.R. 379, 398 (Bankr. N.D. Ill. 2009) (defendant's argument that payments fell within the ordinary course of business exception were irrelevant for the purposes of the motion to dismiss since the preference exceptions in § 547(c) are affirmative defenses); *Adelphia Communications Corp. v. Bank of America, N.A. (In re Adelphia Communications Corp.)*, 365 B.R. 24, 79 (Bankr. S.D.N.Y. 2007) (the ordinary course of business affirmative defense under 11 U.S.C. § 547(c)(2) raised factual issues inappropriate for a determination on a motion to dismiss under Rule 12(b)(6)); *In re DVI, Inc.*, 2008 WL 4239120, at *3 (Bankr. D. Del. 2008) (conduit defense is an affirmative defense and cannot form the basis of a motion to dismiss).   Therefore, the Defendant's affirmative defense of contemporaneous exchange for new value is irrelevant to the instant Rule 12(b)(6) action.

## CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss the adversary complaint pursuant to Federal Rule of Bankruptcy Procedure 7012 is denied.  An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

s/ *Donald H. Steckroth*

_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated:  August 5, 2013